IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY WAYNE TRAINER,

        Petitioner,                    No. CIV S-05-1442 DFL GGH P

    vs.

THOMAS L. CAREY,

        Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Petitioner, a state prisoner proceeding pro se, seeks relief pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's September 15, 2005, motion to dismiss, to which petitioner filed an opposition on October 17, 2005.

        Petitioner, convicted of first degree murder, robbery, and grand theft, was sentenced on August 23, 1978, to a term of 7 years to life with the possibility of parole. Form Petition, p. 3; attachment, p. 2. Petitioner challenges the denial of parole, for the twelfth time, at his February, 2002, subsequent parole consideration hearing. Petition attachment, p. 4. The grounds for his challenge include: 1) state superior court denial of petitioner's cruel and unusual punishment claim mischaracterized petitioner as sentenced to a term of 25 to life as a first degree murderer; 2) continued denial of parole based on the commitment offense and pre-imprisonment

conduct violates petitioner's due process rights; 3) Board of Prison Terms and Parole (BPT) violated petitioner's equal protection rights by failing to set a parole date when others sentenced under the same law are granted parole, which failure also constitutes cruel and unusual punishment; 4) petitioner meets seven of the nine suitability criteria in the parole regulatory scheme and cannot comply to any greater degree after 26 years of incarceration. Id., at 3-6.

Motion to Dismiss

Respondent's motion is based solely on the ground that this court lacks subject matter jurisdiction because the California parole statutes do not give rise to a federally protected liberty interest.

Respondent cites Greenholtz v. Inmates of Nebraska, 442 U.S. 1, 7, 99 S. Ct. 2100 (1979), for the principle that a convicted person does not have a constitutional or inherent right to be released prior to the expiration of a valid sentence. Motion, p. 4. Respondent does observe that in Board of Pardons v. Allen, 482 U. S. 369, 371, 377-78, 107 S. Ct. 2415 (1987), the Supreme Court has recognized an exception to the general rule of no protected liberty interest in parole, wherein a state can create an enforceable liberty interest in the "unique structure and language" of its parole statutes, that "mandatory language" in a parole statute may create an expectancy of release giving rise to a protected liberty interest, and that Greenholtz, 422 U.S. at 12, 99 S. Ct. at 2106, recognized the mandatory language standard. Id.

Respondents argue, however, that Cal. Penal Code § 3041, the parole statute, does not contain the requisite mandatory language. Motion, p. 5.

Respondents cite the relevant portions of § 3041:

> (a) One year prior to the inmate's minimum eligible parole release date a panel...shall again meet with the inmate and *shall normally set* a release date as provided...
>
> (b) The panel...*shall set a release date unless it determines* that...consideration of the public safety requires a more lengthy period of incarceration.

Cal. Penal Code §3041 (emphasis added by respondents and in Sass v. California Board of

1   Prison Terms, 376 F. Supp.2d 975 (E.D. Cal. 2005) (Honorable Morrison England)).  Relying on
2   In re Dannenberg, 34 Cal. 4th 1061, 23 Cal. Rptr. 3d 417 (2005), a California Supreme Court
3   case finding that, inter alia, the language of § 3041 is not mandatory under the test of Greenholtz
4   and Allen, and that there is no right to parole in California, and on Sass, a post-Dannenberg
5   district court decision in this district, finding that "shall" in § 3041 is not used in a mandatory
6   sense, respondents contend that the court should defer to the interpretation of the state supreme
7   court of this state's parole law.  Motion, pp. 5-7.

8        Respondent also argues that the California parole scheme does not give rise to a
9   federal liberty interest under Sandin v. Conner, 515 U.S. 472, 483-85, 115 S. Ct. 2293 (1995).
10  Motion, pp. 7-8.  Sandin requires a determination of whether there is a state-created liberty
11  interest giving rise to federal due process protections by evaluating whether an action imposes a
12  "significant and atypical hardship on the inmate in relation to the ordinary incidents of prison
13  life."  Sandin, at 484, 115 S. Ct. 2293.  Respondent notes that the Ninth Circuit has not applied
14  Sandin in the parole decision context but argues, somewhat irrelevantly, that other circuits have,
15  contending that a denial of early release cannot impose a significant and atypical hardship since
16  every California prisoner under an indeterminate sentence is subject to the statutory maximum
17  unless the Board of Prison Terms fixes a shorter term.  Id.  (The undersigned notes that in Sass, a
18  case on which respondents rely, the court explicitly found that Sandin was not applicable in the
19  context of considering a liberty interest in parole.  See Sass, supra, 376 F. Supp. 2d at 980).
20  Opposition

21       In opposition, petitioner pro se argues that In re Dannenberg, 34 Cal. 4th at 1084,
22  1087-88, is not "unassailable," and that the Ninth Circuit in McQuillion v. Duncan, 306 F.3d
23  895, 901 (2002), in finding a liberty interest in California's statutory parole scheme relied on the
24  clearly established framework found in Greenholtz v. Inmates of Nebraska, 442 U.S. 1, 99 S. Ct.
25  2100, and Board of Pardons v. Allen, 482 U. S. 369, 107 S. Ct. 2415.  Opposition (Opp.), pp. 1-
26  2.  With regard to respondent's contention that the state's parole scheme does not give rise to a

1 federal liberty interest under Sandin, supra, petitioner notes that the McQillion court rejected the
2 application of the Sandin holding to the question of the creation of a liberty interest in the parole
3 context, determining "that Sandin's holding was limited to internal prison disciplinary
4 regulations." Opp., p. 2, quoting McQuillion, 306 F. 3d at 903.

5 Discussion

6 In the first place, respondent confuses the question of the court's subject matter
7 jurisdiction with the failure to state a cognizable claim. Clearly, the court has subject matter
8 jurisdiction over petitioner's habeas corpus claim pursuant to 28 U.S.C. § 2254. Federal
9 question jurisdiction exists if the complaint (or petition) purports to state a claim under federal
10 law regardless of the validity of the claim. Wheeldin v. Wheeler, 373 U.S. 647, 83 S. Ct. 1441,
11 1444 (1963). Only if the stated federal claim is so wholly insubstantial that even a preliminary
12 review of the merits is not required does the federal court not have jurisdiction. Bell v. Hood,
13 327 U.S. 678, 66 S. Ct. 773 (1946). It is not every arguably failed claim that deprives the district
14 court of jurisdiction. Here, petitioner properly invoked § 2254 for the basis of his habeas claim.
15 His contentions that he was denied due process in the parole setting process are not so
16 insubstantial so as to deprive the court of jurisdiction.

17 Turning to the merits, the undersigned relies on the fact that the Honorable David
18 F. Levi has found a liberty interest in the California parole scheme, albeit a narrow one. Johnson
19 v. Finn, CIV-S-05-0385 (Order of March 31, 2006). That should end the matter.

20 Moreover, the Ninth Circuit has held that California's parole scheme gives rise to
21 a cognizable liberty interest in release on parole. Biggs v. Terhune, 334 F.3d at 914. As noted,
22 respondent argues that the California Supreme Court recently found that Cal. Penal Code § 3041
23 is not mandatory and does not create a presumption that parole will be granted. In re
24 Dannenberg, 34 Cal. 4th at 1084, 1087-88. Respondent's reliance in part on a decision by a
25 district judge of this court finding that the California parole scheme for indeterminate sentences
26 does not create a federal liberty interest has also been noted. Sass v. Cal. Board of Prison Terms,

1  supra, 376 F. Supp. 2d 975.  In Sass, Judge England found that no federal liberty interest was
2  created because the wording of the parole statute, Cal. Penal Code 3041(a) ("a panel *shall*
3  *normally* set a release date..) and § 3041(b) ("the panel...*shall set* a release date....") was
4  insufficiently mandatory.  Judge England relied heavily on In re Dannenberg, 34 Cal. 4th at 1098,
5  23 Cal. Rptr. 3d at 443.  However, assuming that the "old" Supreme Court paradigm regarding
6  creation of a liberty interest (mandatory act and underlying factual predicates) remains the
7  analytical framework in which to judge the creation of right-to-parole liberty interests, see e.g.,
8  Board of Pardons v. Allen, 482 U.S. at 378, 107 S. Ct. at 2421 (mandatory language in a parole
9  statute creates a "presumption of release" and gives rise to a liberty interest), California law, both
10 before and after Dannenberg finds that the California parole scheme for indeterminate offenses
11 does create a liberty interest.

> In sum, the governing statute provides that the Board *must grant parole* unless it determines that public safety requires a lengthier period of incarceration for the individual because of the gravity of the offense underlying the conviction. (Pen.Code, § 3041, subd. (b).) And as set forth in the governing regulations, the Board *must set a parole date* for a prisoner unless it finds, in the exercise of its judgment after considering the circumstances enumerated in section 2402 of the regulations, that the prisoner is unsuitable for parole. (Cal.Code Regs., tit. 15, § 2401.) Accordingly, parole applicants in this state *have an expectation that they will be granted parole* unless the Board finds, in the exercise of its discretion, that they are unsuitable for parole in light of the circumstances specified by statute and by regulation.

19 In re Rosenkrantz,  29 Cal. 4th at 654, 128 Cal. Rptr. 2d at 138 (emphasis added).
20         It is difficult to conceive of words which mirror the requirements of the Allen
21 mandatory-act-in light-of-satisfied-factual-predicates paradigm more than the emphasized words
22 of Rosenkrantz.  Indeed, Allen and Rosenkrantz use the same terminology, i.e., "presumption" of
23 release and "expectation" of release.  These are the words of liberty interest creation.  It is not
24 material that great discretion is vested within the administrative agency granting parole.  Allen
25 supra.  See also the post-Dannenberg case of In re DeLuna,126 Cal. App. 4th 585, 591, 24 Cal.
26 Rptr. 3d 643, 647 (2005):

> Penal Code section 3041, subdivision (b) requires the Board to "set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting." *This statute creates a conditional liberty interest for a prospective parolee.* (Cf. Rosenkrantz, supra, 29 Cal.4th at p. 661, 128 Cal.Rptr.2d 104, 59 P.3d 174; McQuillion v. Duncan (9th Cir.2002) 306 F.3d 895, 901-902.) (emphasis added)[1]

The undersigned can only find that California law is in disarray on the subject of liberty interest created by the California parole statutes. Dannenberg did not overrule Rosenkrantz, and implied overrulings are extremely disfavored. Scheiding v. Gen. Motors, 22 Cal. 4th 471, 478, 93 Cal. Rptr. 2d 342, 346 (2000). Indeed, California cases after Dannenberg continue to find a liberty interest and cite Rosenkrantz. Therefore, Biggs should not, and cannot, be cast aside based on the ambiguities in California law unless the Ninth Circuit so holds.[2]

For the reasons discussed above, the court finds that petitioner has a liberty interest in parole. The court must recommend denial of respondents' motion to dismiss, brought on the sole ground that this court lacks subject matter jurisdiction because there is no state-created liberty interest in parole.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's September 15, 2005, motion to dismiss the petition on the sole ground that this court lacks subject matter jurisdiction be denied and respondent be required to file an answer within 30 days of adoption of these findings and recommendations, should that occur.

---

[1] Dannenberg did find that California prisoners had no liberty interest in a *uniform* parole date, 34 Cal. 4th at 1098 (n.18), 23 Cal. Rptr. 3d at 443 (citing Rosenkrantz); however, this is a far cry from holding that the parole scheme as a whole does not create a conditional liberty interest.

[2] Other district court cases continue to find a liberty interest in the California parole statute after Sass. See Lewis v. Solis, 2005 WL 3454137 (N.D.Cal. 2005); Murilla v. Perez, 2005 WL 2592420 (C.D. Cal. 2005); Rodriguez v. Campbell, 2005 WL 1335711 (E.D. Cal. 2005 MCE JFM); but see Trevino v. Mendoza-Powers, 2005 WL 2436471 (E.D. Cal. 2005 (OWW SMS).

6

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: 7/26/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
trai1442.mtd